# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT KANSAS CITY, KANSAS

MOLLY MALCOM,

       Plaintiff,

-vs-                                                                Case No.

FIRST STUDENT MANAGEMENT, LLC,
a foreign corporation; and FIRST STUDENT,
INC., a foreign corporation,

       Defendants.
_____

## **COMPLAINT**

      COMES NOW Plaintiff, by and through counsel Bradley A. Pistotnik and J. Corey Sucher of Brad Pistotnik Law, P.A. and for her claims against Defendants, alleges and states:

1. Plaintiff is a resident of Kansas.

2. Defendant First Student Management, LLC transacts business in Kansas, is a foreign corporation with a principal place of business in Cincinnati, Ohio, and may be served with process through its resident agent, The Corporation Company, at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

3. Defendant First Student, Inc. transacts business in Kansas, is a foreign corporation with a principal place of business in Cincinnati, Ohio, and may be served with process through its resident agent, The Corporation Company, at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. Defendant First Student Management, LLC and Defendant First Student, Inc. are related entities and alter egos of one another.  Alternatively, Defendant First Student Management, LLC is a

subsidiary of Defendant First Student, Inc. or Defendant First Student, Inc. is a subsidiary of Defendant First Student Management, LLC (Defendant First Student Management, LLC and Defendant First Student, Inc. hereinafter will be collectively referred to as "Defendant businesses").

5. This court has proper venue and jurisdiction over the persons and subject matter.

6. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and the matter in controversy exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

7. On or about the 27th day of October 2017, Plaintiff was operating a motor vehicle eastbound on 31st Street in Wichita, Sedgwick County, Kansas, when Vanessa Maddux (Defendant businesses' driver), who was operating a school bus owned or leased and operated by Defendant businesses, while negligently and carelessly failing to pay attention to her surroundings, made an illegal and improper lane change directly into Plaintiff's vehicle, thereby proximately causing a collision, injuries, and damages to Plaintiff.

8. The damage to Plaintiff's vehicle was so severe that it was deemed a total loss.

9. At the time and moment of the motor vehicle collision that is the subject of this complaint, Defendant businesses' driver was operating in the course and scope of her employment with Defendant businesses and, therefore, the actions and omissions of Defendant businesses' driver are the actions and omissions of Defendant businesses under the doctrines of Respondeat Superior and Vicarious Liability for all allegations set forth in this petition.

10. Officer Grimes of the Wichita Police Department opined in the Kansas Motor Vehicle Accident Report that the "accident was caused by [Defendant businesses' driver] making an unsafe lane change," and he issued Defendant businesses' driver citation number 16M044269 for unsafe

lane change. Upon information and belief, Defendant businesses' driver pled guilty to said charge, thereby making an admission against interest.

11. The motor vehicle operated by Defendant businesses' driver and involved in this collision was dispatched, supervised, monitored, operated, and controlled by the fleet management of Defendant businesses.

12. Defendant businesses' driver was hired, supervised, and trained by Defendant businesses.

13. Upon information and belief, Defendant businesses have a systemic habit, custom, and routine business practice of allowing unsafe and untrained drivers to drive carelessly and negligently by failing to train drivers on accident avoidance techniques, hazard perception techniques, and defensive driving techniques by utilizing training programs like the Smith System and/or the J.J. Keller system.

14. The actions and omissions of Defendant businesses' driver are the actions and omissions of Defendant businesses under the doctrines of Respondeat Superior and Vicarious Liability and are careless and negligent for the following reasons:

    A) Improper/illegal lane change and failing to maintain vehicle in proper lane of travel;

    B) Inattentive operation of a motor vehicle;

    C) Failing to keep a proper lookout;

    D) Failing to exercise ordinary care;

    E) Failing to signal;

    F) Failing to warn;

    G) Failing to take evasive action;

    H) Distracted and/or inattentive driving;

    I) Speeding too fast for the then existing conditions of slower moving and/or stopped

       traffic;

   J) Speeding;

   K) Careless driving;

   L) Reckless driving;

   M) Upon information and belief, violation of K.S.A. 8-15,111 which places a duty upon drivers not to operate a motor vehicle while using a wireless communications device to write (i.e., type), send, or read a written communication including, but not limited to, a text message, instant message, or electronic mail.

   N) Negligence and negligence per se for violation of laws, ordinances, and/or statutes of the State of Kansas and/or the City of Wichita;

   O) Other negligent actions and omissions to be supplemented after discovery.

15. The actions and omissions specific to Defendant businesses, upon information and belief, are careless and negligent for the following reasons:

   A) Failing to adequately warn Defendant businesses' driver after this accident;

   B) Failing to terminate Defendant businesses' driver;

   C) Failing to train Defendant businesses' driver with proper defensive driving skills before and after the accident;

   D) Failing to immediately reprimand Defendant businesses' driver;

   E) Failing to retrain Defendant businesses' driver shortly after this accident;

   F) Failure to train Defendant businesses' driver in the proper hazard communication signals, hazard perception, and other safe operating protocols by failing to utilize training programs like the Smith System and/or the J.J. Keller system;

   G) Failing to have adequate safety management protocols in place;

H) Failing to follow appropriate dynamics, elements, and protocols of a fleet safety program as taught by the National Safety Council in its literature entitled, *Dynamics of Fleet Safety, The Fleet Excellence Process, Instructor Manual,* a copy of which is incorporated herein and attached as **Exhibit A.**

I) Failing to create and implement a proper safety program that would require Defendant businesses' driver to be comprehensively tested in written form to determine that she has a comprehensive understanding of appropriate defensive driving skills;

J) Failing to test Defendant businesses' driver for alcohol and drug consumption randomly and after this accident;

K) Negligent hiring, retention, supervision, and/or training of Defendant businesses' driver and supervisory managers above Defendant businesses' driver;

L) Defendant businesses and their respective agents, employees, and representatives were careless and negligent in their hiring, training, supervision, and/or retention of Defendant businesses' driver and her supervisory personnel.  Defendant businesses carelessly and negligently hired unfit employees and agents; failed to properly train, supervise, and monitor them; and retained employees and/or agents who were not performing their jobs properly or adequately, including, but is not limited to, Defendant businesses' driver and her supervisory personnel. Defendant businesses had an obligation to use reasonable care in selecting and retaining their employees, agents, and independent contractors, and were negligent in hiring, selecting, training, monitoring, and retaining their employees, agents, and independent contractors, including, but not limited to, Defendant businesses'

5

driver. Defendant businesses carelessly and negligently failed to use reasonable care in the hiring, selecting, training, monitoring, and/or retention of employees and agents, including, but not limited to Defendant businesses' driver. Defendant businesses knew or reasonably should have known that they were not hiring safe and competent employees and agents and carelessly and negligently violated their duty to hire only safe and competent employees. Defendant businesses knew or reasonably should have known that their employees and agents including, but not limited to, Defendant businesses' driver, created and were an undue risk of harm to Plaintiff, and carelessly and negligently failed to reprimand, retrain, or terminate their employees, agents, and independent contractors, including Defendant businesses' driver and her supervisory personnel;

M) Defendant businesses' hiring, training, monitoring, supervision, and/or retention of unsafe and incompetent employees, agents, and independent contractors, including Defendant businesses' driver and her supervisory personnel, proximately caused the injuries to Plaintiff;

N) Defendant businesses, upon information and belief, have ratified all conduct of Defendant businesses' driver and their other employees who hired, trained, and supervised Defendant businesses' driver, either expressly or impliedly. Upon information and belief, Defendant businesses' driver was not reprimanded, retrained, or terminated following this accident.

O) Negligence and negligence per se for violation of laws, ordinances, and/or statutes of the State of Kansas and/or the City of Wichita;

P) Other negligent actions and/or omissions to be supplemented after discovery.

6

16. As a further direct and proximate result of the careless and negligent actions and/or omissions of Defendants, Plaintiff received injuries to her body, including, but not limited to, her knee, head/brain, spine/back, and neck.  She has suffered with back pain, strain, and/or spasms with range of motion limitations and radiation into her lower extremity and was diagnosed with disc injuries at L4-L5 and L5-S1; dizziness, headaches, vertigo, nausea, confusion, difficulty with memory, sleep disturbance, and other post-concussive symptoms; neck and knee pain, strain, and/or spasms with range of motion limitation and was diagnosed with a femoral condyles lesion and patellar lesion; among other symptoms and/or limitations.  Plaintiff's injuries have required numerous medical treatments and medical appointments, including knee surgery, multiple ER visits and appointments with specialists; x-rays, CT scans, and MRI; multiple pain injections; many weeks of physical therapy, and much more.  Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  In the future Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff prays for a judgment against each Defendant in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, and for such other and further relief as the court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik #10626
J. Corey Sucher, #27789
10111 E. 21st Street North, Suite 204
Wichita, KS 67206
316-684-4400, Fax: 316-684-4405
Brad@BradPistotnikLaw.com
Corey@BradPistotnikLaw.com
*Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik #10626

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik #10626

8